DAVINA AGNES GOODRICH, Appellee, v. MARK JUDSON GOODRICH, Appellant.

December 17, 1927.

Rehearing Denied April 5, 1928.

*Alex Holmes* and *D. D. Murphy & Son*, for appellant.

*A. M. Cloud, George S. Banta*, and *E. H. Estey*, for appellee.

Evans, C. J.—I. The parties were married in Linn County in December, 1907. The plaintiff was at that time eighteen years of age, and the defendant two or three years older. Prior to their marriage, the plaintiff had been the victim of seduction by the defendant. During the first twelve years of their marriage, eight children were born, four of whom are now living. Prior to the birth of the first child, the defendant had infected the plaintiff with a venereal disease, and this was responsible for premature and defective births. For the first years of their marriage, they lived at Cedar Rapids, from which place they removed in 1913 to Strawberry Point. Here the defendant entered into the poultry business, and amassed a fortune therein. Their separation occurred on March 6, 1925. This was the culmination of a long series of criminations and recriminations between them.

The record before us is very voluminous, comprising the testimony of more than 100 witnesses. The fighting issues in the case are wholly issues of fact. No debatable question of law is contended for by either party. It will be wholly impracticable for us to discuss the evidence within the proper limits of

1098

an opinion, and we must be content to state our conclusions in general terms. That the defendant was guilty of cruel and inhuman treatment is denied by his counsel only in a qualified sense. The claim for him is that his provocation was such by the wrongful conduct of his wife that it should be deemed a mitigation and justification of conduct on his part which otherwise would be cruel and inhuman, within the meaning of the statute. We shall, therefore, not discuss at all the specific instances of cruelty. Sufficient to say that the defendant's conduct was cruel and inhuman, and was persistently so.

The contention on the part of the defendant is that the plaintiff was repeatedly guilty of adultery, and the volume of evidence offered by him was directed to the proof of such fact. The record is an unsavory one, and much of it is quite unprintable. It is flatly contradictory at nearly every material point. It is impossible to find the issues of fact with either side without finding, of necessity, that the contrary evidence of the other side was untrue. The veracity of the witnesses becomes the turning of the scales.

The evidence introduced by the defendant was circumstantial. Some of the circumstances testified to, if true, were very damaging. But the more damaging evidence carried the quality of improbability to a very high degree, and put the credibility of the witness to a severe test. Every damaging circumstance not fairly explained was positively denied. Reading this evidence pro and con, we are not at all convinced of the truth of the testimony of the defendant's witnesses at many points, to say nothing of the inferences which should properly be drawn from such testimony. On the contrary, we are convinced that a substantial part of the testimony offered by the defendant is false. The testimony of the witness Hutchinson, for instance, may be specified as a clear fabrication. On its face, this is the most damaging testimony in the record. Some of the evidence of the defendant himself should come under like condemnation. We need not further particularize. Our conclusion is that the defendant has not sustained the charges of criminality made by him in his cross-petition, and that the trial court, therefore, properly rendered decree for the plaintiff.

II. On the question of alimony, it is contended that the

amount allowed is excessive. The defendant, as a witness, testified to his net worth at $75,000. There is plausible evidence in the record that his net worth is even in excess of such sum. But accepting his own testimony therefor, we do not deem an award of $22,000 to the wife excessive. True, additional provision is made for a monthly payment for the support of the children. This provision is not an onerous one, in view of the net worth of the defendant and in view of his great earning capacity. He is in the wrong, and has driven his wife out of her home. No reason has been suggested, or can be, why, under such circumstances, a husband should hold his property intact and should leave his divorced wife scantily provided for.

We hold that the award of alimony was not excessive. The decree below is affirmed in all respects.—*Affirmed.*

All the justices concur.