DIVINA AGNES GOODRICH, Appellant, v. MARK JUDSON GOODRICH, Appellee.

No. 39880.

JANUARY 21, 1930.

*E. H. Estey* and *Cloud & Swift,* for appellant.

*Alex Holmes,* for appellee.

WAGNER, J.— On August 24, 1925, the plaintiff was granted a divorce from the defendant on the ground of cruel and inhuman treatment. As the fruits of the marriage, there were  three children, Rosemary, Manzer David, and Joseph Hugh, who are, respectively, 14, 12, and 10 years of age. By the terms of the decree, the plaintiff was granted a judgment for alimony against the defendant in the sum of $22,000, and in addition thereto, the defendant is required to pay $100 per month for the support of the children until the youngest reaches 16 years of age. The decree also contains the following provision:

"Plaintiff awarded the care, custody, and control of Rosemary, Manzer David, and Joseph Hugh Goodrich, subject, however, to the right of defendant to visit and see said children at all reasonable times, and the right of the defendant to have said children visit him at such reasonable times as will not interfere with their regular attendance at school, such custody to continue as above as long as plaintiff shall maintain her residence in the state of Iowa, or until further orders of this court."

Upon appeal to this court by the defendant, the decree of the trial court was, on December 17, 1927, affirmed. See *Goodrich v. Goodrich,* 205 Iowa 1096.

It will be observed from the foregoing quoted portion of the decree that the plaintiff's right of custody of the children is to continue as long as she shall maintain her residence in the state of Iowa, or until further orders of the trial court. The plaintiff, in this proceeding, asks that said decree be modified, so as to enable her to remove the children to Kansas City, Missouri. Upon trial of her application asking for said modification, the relief therein asked was denied. From this action by the trial court, the plaintiff has appealed.

Section 10481 of the Code, 1927, provides:

"When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the main-

tenance of the parties as shall be right. *Subsequent changes may be made by it in these respects when circumstances render them expedient.*" (The italics are ours.)

It will be noted from the italicized portion of the foregoing quoted statute that subsequent changes may be made relative to the custody of the children when circumstances render them expedient. Therefore, with the words  "or until further orders of this court" omitted from the decree, the court granting the decree has jurisdiction to make subsequent changes relative to the custody of the children. The words "or until further orders of this court" add nothing to the decree, and, by reason of the foregoing statute, are mere surplusage. Because of the statutory provision, the court, on the granting of a divorce, cannot make an irrevocable order relative to the custody of the children. The correct interpretation of the decree, in the light of the statute, must be that the plaintiff is granted the custody of the children as long as she shall maintain her residence in the state of Iowa. While the provisions of the decree relative to the custody of the children are not, and could not be, irrevocable, yet it was final between the parties as to the facts, circumstances, and conditions existing at that time.

In *Kwentsky v. Sirovy*, 142 Iowa 385, we declared:

"The decree rendered in the divorce case is undoubtedly a finality as to all matters which were at issue, or which it was the duty of either party to present before the case went to final decree."

In *Crockett v. Crockett*, 132 Iowa 388, after quoting the aforesaid statute, we made the following pronouncement:

"And in the light of the statute, and giving construction thereto, we have held repeatedly that a decree fixing custody or awarding alimony, etc., is conclusive, unless it shall be made to appear that, by reason of some change of circumstances or condition not known to, or within the contemplation of, the court, an enforcement of its decree will be attended by positive wrong or injustice. * * * It is fundamental doctrine that a matter, including all phases which are or should have been

brought to the consideration of the court, which has been once litigated and passed into judgment or decree, must be considered as settled beyond recall. The rule and the reason for it spring readily to the mind of every lawyer. And the rule has application to divorce cases, and to matters collateral thereto, equally with all other cases, save that, as authorized by the statute, and as dictated by that tender solicitude for the welfare of children by which the courts should ever be actuated, a change may be made, whenever adequate cause arising out of changed conditions shall be made to appear. * * * Otherwise than by appeal, or by force of some direct statute on the subject, a final decree is not subject to change or modification for errors judicial.''

The plaintiff took no appeal from the original decree of divorce, which she in this proceeding seeks to have modified. Its provisions are binding upon her, unless she has alleged and proven changed conditions and circumstances which would warrant the court, in the exercise of equitable principles, in granting a change in the respect requested. See *Morrison v. Morrison,* 208 Iowa 1384; *McNary v. McNary,* 206 Iowa 942; *Slattery v. Slattery,* 139 Iowa 419; *Ferguson v. Ferguson,* 111 Iowa 158; *Blythe v. Blythe,* 25 Iowa 266; *Delbridge v. Sears,* 179 Iowa 526; *Guisinger v. Guisinger,* 201 Iowa 409.

It must be borne in mind that the decree does not give the unconditional and unlimited custody of the children to the plaintiff; for the defendant was given the right to visit them at all reasonable times, and to have the children visit him at such reasonable times as would not interfere with their regular attendance at school, *and such custody of the children was to continue as long as plaintiff should maintain her residence in the state of Iowa.* Should she remove from the state, her right of custody of the children would *ipso facto* terminate.

The trial court had the power and authority to make the order as to the custody and care of the children so that they should not be taken out of the jurisdiction of the court. *Ex*  *Parte Ellerd,* 71 Tex. Cr. 285 (158 S. W. 1145, Ann. Cas. 1916D 361). Whether the provision that she shall have the custody of the children only so long as she shall maintain her residence in the state of Iowa is a wise provision is none of our concern in the present proceeding, since the trial court

had the power and authority to insert such provision in the decree, and there was no appeal by the plaintiff therefrom. It is apparent that the court, in granting the original decree, did not intend that she should have the right to remove the children from the state.

The sole question confronting us is: Has the plaintiff alleged and proven such changed conditions and circumstances as would warrant the court, in the exercise of equitable principles, in granting the change in the respect requested? She alleges in her application that she has acquired an apartment property in Kansas City; that she and the children can occupy one of the apartments; that she will be able to be present and look after the property herself, and will get a very substantial increase in income; and that it is for the best interest of the children that she be permitted to take them to Kansas City.

While the former appeal was pending, the defendant paid the plaintiff $300 per month; but it was ordered that, in event of affirmance, $200 of each monthly payment should be applied upon the $22,000 judgment. It is shown by the evidence that the amount remaining due on the judgment for alimony was paid in August, 1928, and the plaintiff testifies that, after the payment of her attorney fees, she had left the sum of $12,000; that she invested it in mortgage securities, which brought her an income of 6 per cent interest; that, since the time of the rendition of the decree, she has been residing in the city of Des Moines; that the monthly installments of $100 for the support of the children have been paid by the defendant; that the rent on the house occupied by her is $35 per month. The children are in school. Her father and mother, who are renters, and a brother and sister, both married, and other relatives reside in Des Moines. It is thus apparent that Des Moines is a suitable, convenient, and proper place for her to reside in and rear the children.

A short time before the trial of the instant proceedings, she purchased the Kansas City property, paying therefor the $12,000 which she had left out of her $22,000 judgment, and assuming a mortgage indebtedness thereon in the sum of approximately $19,000. She testified that she bought the property as an investment, and that, at the time of the purchase, it was not her thought to leave Des Moines and move to Kansas

City. It is her contention that she has made a good investment. The property consists of twelve apartments, six of which are furnished, and six unfurnished. The net income from the property for the previous year was approximately $2,300. She has employed a manager, who receives a salary of $50 per month and one of the apartments in which to live. She has it in mind that, if present, she could act as manager; yet she has not had any business experience. If it be conceded that she could successfully do so, she would thereby only save the salary which is now paid the manager, as she and the children would necessarily have to occupy one of the apartments. She pays a janitor $30 per month, and he occupies a room in the basement. Her testimony is that she contemplates taking her father and mother with her, and that her father could do the janitor work, but she would not permit them to occupy a room in the basement. This would necessitate the occupancy by them of another one of the apartments. It is manifest that, if she were to go to Kansas City, the increase in her income at the end of the year would be very little, if any, more than by her remaining in Des Moines. From her testimony it is apparent that her net annual income, including the $100 per month paid by the defendant for the support of the children, is $3,500, a sum amply sufficient to support her and the children. Her investment in the Kansas City property was made with full knowledge of the provisions of the decree. The only change in circumstances or conditions is the investment,—a change from money, first, to mortgage securities, and second, to real property. We agree with the trial court that there is no sufficient change of conditions and circumstances which would justify the modification requested by her.

The evidence fails to disclose any change in conditions since the granting of the original decree which persuades us to believe that the welfare of the children will be promoted by a removal to Kansas City, and it is their welfare which is entitled to paramount consideration. The children are the offspring of the father, as well as the mother. He has complied, in every particular, with the decree. So long as the conditions remain practically unchanged, his rights as per the terms of the decree should also be respected.

As said in *Morrison v. Morrison*, 208 Iowa 1384:

672

"Our duty is to determine this case upon the changed circumstances and conditions alleged in the petition and shown by the evidence to exist at this time, and not to speculate as to the future."

The respective parties argue pro and con as to complications which might arise, in the event the requested modification was granted, relative to the enforcement of the provisions of the decree or future orders which might be made. Our conclusion thus far renders it unnecessary to enter upon a discussion of the same or make a pronouncement thereon.

The action of the trial court is hereby affirmed.—*Affirmed.*

MORLING, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.