ARVA SIMPKINS, appellee, v. JAMES SIMPKINS, appellant.

No. 51364.

(Reported in 129 N.W.2d 723)

JULY 16, 1964.

Garold F. Heslinga, of Oskaloosa, for appellant.

Ben E. Kubby, of Des Moines, for appellee.

THOMPSON, J.—We find nothing here, either in the pleadings or the proof, which supports the trial court's modification of the original decree of divorce between the parties. On January 11, 1963, the plaintiff was granted a divorce from the defendant in the Polk District Court. The parties had previously stipulated as to property rights and the payments for support of their three minor children to be made by the defendant. This stipulation was embodied in the decree, and so became an adjudication by the court of the rights and liabilities of the parties. Title to certain real estate was quieted in the plaintiff, she was given the household furniture and certain other benefits. The decree, as did the stipulation, provides that the defendant should pay to the plaintiff the sum of $100 per month for support and maintenance of the children "until the plaintiff remarries or the youngest child of the parties * * * shall reach the age of 18 years, whichever contingency occurs first."

The defendant made the payments as decreed, including $50 in September 1963. The plaintiff remarried on August 31 of that year; and as soon as this became known to the defendant he made no further payments. This application for modification resulted, and upon trial the court granted the relief asked, ordering the continuance of the payments, to the dissatisfaction of the defendant.

I. The rule of law applicable here is so well settled that little elaboration is required. Section 598.14, Code of 1962, provides:

"When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right.

"Subsequent changes may be made by it in these respects when circumstances render them expedient."

We have consistently held that the language of the second paragraph means there must have been a material change in the circumstances since the entry of the original decree, before a modification may be granted. In Beyerink v. Beyerink, 240 Iowa 45, 48, 35 N.W.2d 458, 460, we said: "The power of the trial court or of this court under Code section 598.14 should be exercised only when there is a material and substantial change of condition or circumstance respecting one or both parties since the entry of the original decree, rendering a modification therein expedient. The original decree is a binding finality upon both parties with regard to their then existing circumstances."

Almost innumerable cases to the same effect might be cited. A corollary rule is that the "existing circumstances" are those known or which with reasonable diligence should have been known to the parties and to the court at the time of the entry of the original decree; that is to say, those which were within the contemplation of the litigants and the court when the decree was entered. Harwell v. Harwell, 253 Iowa 413, 417, 112 N.W.2d 868, 871.

Plaintiff's application for modification recites her remarriage, and defendant's refusal to pay thereafter, and then says: "Due to the changed conditions as stated above the original decree should be modified so as to provide for the support and maintenance of said children by this defendant * * *." The trial court in its findings of fact said: "The only change which has occurred in the circumstances of the parties herein since the entry of the divorce decree is the marriage of the plaintiff, and such remarriage is not a sufficient change in circumstances to relieve defendant of his obligation to support his children."

It is evident the petition failed to state a cause of action for modification, and the trial court's fact finding set out above is a direct negation of any right to a change in the decree. The only change in circumstances pleaded, and the only one the court found, was the remarriage of the plaintiff. But this was something directly provided for in the first decree. A possible, perhaps probable, remarriage of the plaintiff was in the contempla-

tion of the parties, and of the court, when the decree was entered. It is not possible to rationalize this as a change in circumstances since the decree was entered which was not foreseen and provided for therein.

II. The plaintiff urges that the parties have no right to stipulate away the right of the children to support from their father. But we are dealing here with a decree of the court; it is incidental only that the decree followed the stipulation. We must assume that the court entered its decree advisedly and as an adjudication not only of the rights of the parties but of the best interest of the children. No appeal was taken from its judgment; and under repeated and clear holdings of this court it may not now be altered, absent any showing of change in circumstances not provided for in the decree, in the guise of modification.

Much emphasis is put by the plaintiff upon the supposed best interests of the children. It might be pointed out that the children have acquired a stepfather who stands in loco parentis to them, and owes a duty of support so long as they are in his home. Gerdes v. Weiser, 54 Iowa 591, 593, 7 N.W. 42, 43, 37 Am. Rep. 229. Also that the stepfather has a monthly income of $630. Their situation, on the record, has changed for the better rather than for the worse. But this is all beside the point.

The governing rule here is expressed in Mason v. Zolnosky, 251 Iowa 983, 989, 103 N.W.2d 752, 755: "True, the welfare of the child is of greatest importance; but when this has once been decided, and a custodial order made, it will not be overturned unless a material change in circumstances has occurred. Any other procedure would leave the matter open to the most undesirable result of endless litigation and continual uncertainty. We have repeatedly applied the rule in these cases; and we have said the burden to show a change in circumstances rests upon the applicant." Several authorities are cited.

III. Some contention is made by the plaintiff that she was induced to sign the stipulation by threats of offered evidence of misconduct on her part if the case should go to trial. There is no pleading of duress, and the court made no finding of any. We have pointed out that in any event the stipulation is not of

importance here; it is not a matter of contract between the parties. We are considering an application to modify the court's decree. The plaintiff secured her divorce, with certain advantages; in the absence of material change in circumstances she must take its burdens also.

The judgment is reversed, with directions to dismiss the application for modification.—Reversed and remanded.

All JUSTICES concur except HAYS, J., not sitting.