ARVA SIMPKINS, appellee, v. JAMES SIMPKINS, appellant.

No. 51785.

(Reported in 137 N.W.2d 621)

OCTOBER 19, 1965.

Heslinga & Heslinga, of Oskaloosa, for appellant.

Ben E. Kubby, of Des Moines, for appellee.

GARFIELD, C. J.—Defendant, father of three minor children, has appealed from a supplemental decree entered in January 1965 requiring him to pay $120 a month for support of the children. The decree modifies a previous divorce decree granted plaintiff, mother of the children, January 11, 1963.

In accordance with a stipulation between the parties the divorce decree awarded plaintiff custody of the children, then 14, ten and about nine, and required defendant to pay $100 a month for their support until plaintiff remarries or the youngest child reaches 18, whichever occurs first.

Plaintiff married Howard Samuell August 31, 1963, and defendant discontinued support payments in September upon learning of the remarriage. Plaintiff then filed an application for modification of the decree to require defendant to continue the support payments notwithstanding the remarriage. The only change in circumstances from the time of the decree that was alleged in the application or found by the trial court after a hearing thereon was the remarriage. Upon defendant's appeal from the order of modification requiring defendant to continue the payments, we reversed it on the ground the alleged change of circumstances was insufficient basis for the order. Simpkins v. Simpkins, 256 Iowa 989, 129 N.W.2d 723 (July 16, 1964).

Plaintiff filed the application now before us September 9, 1964, alleging she was severely injured in an automobile accident June 12, 1964, has been hospitalized under medical care since then, ordered to refrain from working or performing household duties, deprived of her earnings and will long continue to be so deprived, because of her disability she is unable to contribute to support of the children and defendant should be required to do so.

The application was heard by the same judge who heard the original divorce petition—he did not hear the previous application for modification—commencing October 30, 1964, and continued through no fault of either party until December 3. Sub-

stantially all evidence was given by plaintiff although her present husband corroborated her testimony that he had contributed his savings of $1400 for support of the children and to pay other family bills. Defendant, although present in court, offered no evidence. As stated, the court required defendant to pay $120 a month for support of the children.

I. The basic rules governing matters of this kind, frequently stated by us, may be referred to again. Child custody and support provisions of a divorce decree are final as to the circumstances then existing. Such provisions will be modified only where it is proven by a preponderance of the evidence that subsequent conditions have so changed that the welfare of the children requires, or at least makes expedient, such modification. In matters of this kind the child's welfare is the controlling consideration. Of course not every change of circumstances is sufficient basis for modification of a divorce decree. A decree will not be modified unless its enforcement will be attended by positive wrong or injustice as a result of the changed conditions.

Also, the changed circumstances relied upon must be such as were not within the knowledge or contemplation of the court when the decree was entered. Further, modification of a decree should be based upon a change of circumstances more or less permanent or continuous, not temporary. Where a change of financial condition of one or both of the parties is relied upon it must be substantial.

Welch v. Welch, 256 Iowa 1020, 1025, 129 N.W.2d 642, 644, states and cites authorities for each of the above propositions. See also Smith v. Smith, 257 Iowa 584, 590, 133 N.W.2d 677, 680.

Defendant's first proposition relied upon for reversal is that the changed circumstances relied upon here were not permanent but transitory and variable, hence insufficient to justify the modification. As before indicated, the rule unquestionably is that the changed circumstances must be "more or less" permanent or continuous, not merely transitory, variable or temporary. Welch v. Welch, supra, and citations. The trial court recognized this precise rule and cited two of our precedents in support of it. The stated proposition relied upon and others call for some review of the evidence at the hearing in the fall of 1964.

II. An automobile in which plaintiff was a passenger in Nebraska on June 12, 1964, was struck by another vehicle with a drunken driver. Plaintiff received two crushed vertebræ, two cracked ribs and other internal injuries. She was hospitalized nearly seven weeks, then sent home and required to lie on her back almost entirely. She was unable to wear a cast because of location of the injuries and the fact she was expecting a child by her present husband about February 1, 1965. It would be six months to a year, we understand from the time of the hearing, before her doctor can determine her state of health and before her back would heal. It would be more difficult for her "to get around."

Plaintiff's medical and hospital bills exceeded $2300 and they were still coming in, including a bill of $103 and dental bills of $100. She was being treated for her injuries at the time of the hearing. Plaintiff collected $2000 medical pay insurance to apply upon her bills.

Plaintiff has not been employed since her injury. Prior thereto she worked for a bank with a take-home pay of $270 a month which was used for support of the children. Plaintiff thought it would be best for her to stay home after the birth of her baby. She would then have five children to care for, one of whom is Mr. Samuell's by a prior marriage, and her ability to work would be uncertain. The children needed winter clothing and dental work her present husband was unable to provide; the children had not visited a dentist for two years.

There is evidence that since her divorce plaintiff had an operation on her gums and developed an ulcer in December 1963 which kept her from her work three weeks and for which she was still taking medicine at the time of the automobile accident.

Plaintiff itemized most of the monthly expenses of the family, consisting of herself, three children, her present husband and his child, at about $737. The present husband owns a residence which rents for $135 a month. Payments on the mortgage or contract are $112 monthly. With upkeep of the property there is no net return from it. Samuell has no other property and no savings. The family lives in the home awarded plaintiff by the divorce decree. Samuell's gross pay is $655 a month of

which he takes home $527 to $550. Before the automobile accident the combined take-home pay of plaintiff and her husband was nearly $800 monthly.

The other motorist involved in the accident "had some insurance." Plaintiff's doctor advised against trying to settle her claim for damages until he could tell more about her injuries.

III. We are not persuaded defendant's first proposition relied upon for reversal should be sustained. There is little doubt plaintiff's injuries were serious and permanent. The change of circumstances occasioned thereby may fairly be called "more or less" permanent, not merely temporary. It is not contended plaintiff was not compelled to give up her employment. It is doubtful at best she will recover from her injuries within the foreseeable future sufficiently to return to her position or obtain other employment.

We are told plaintiff's application was premature, that she should have waited until the effect of her injuries could be definitely ascertained and it is known how much will be recovered from the other driver involved in the accident or his insurer. Defendant thinks plaintiff may eventually be fully compensated for any loss, as well as pain and suffering, resulting from the occurrence. We cannot accept this argument. As a result of an unforeseen occurrence these three children are deprived for a considerable time of much of the means of support previously available to them. They should not be compelled to wait an indefinite time before their father is called upon to contribute to their support.

IV. Defendant asserts the trial court erred in considering evidence offered at the first modification hearing previously referred to which was not introduced at the hearing on the present application and in considering other testimony, claimed to be incompetent, received subject to objection.

These propositions do not call for a reversal. Our review is on the merits de novo, not for the correction of errors at law as in law cases. Rule 334, Rules of Civil Procedure. We consider only the evidence properly offered at the hearing on the second application. Our primary concern is whether, on such evidence, the decree appealed from is right and, if not, to direct the entry

of one we believe is. Berger v. Amana Society, 257 Iowa 956, 967, 135 N.W.2d 618, 624, and citations; The State v. Orwig, 27 Iowa 528, 530, 531.

■ V. Another proposition relied upon for reversal is that there was no showing of the circumstances existing at the time of the divorce, hence insufficient evidence of a subsequent change. It must be admitted proof of the circumstances at the time of the original decree was not as clear as it might have been, but we think it was sufficient. Proof of changed conditions before and after the auto accident on June 12, 1964, 17 months subsequent to the divorce, was clear. Although plaintiff did not testify in so many words she was employed by the bank at the time of the divorce this is fairly to be inferred from the testimony.

As previously stated, plaintiff said that prior to June 12, 1964, she was so employed, with monthly take-home pay of $270 which was used for support of the children. Nothing indicates the employment commenced after the divorce. She also testified, as stated, she was unable to work in December 1963 because of an ulcer. Further, that she was entitled to "somewhere around $200 and $300" severance pay or sick leave from the bank and it has been holding her job open for her until the end of November 1964, nearly six months following the accident.

As earlier indicated, principal basis for plaintiff's application is the change of circumstances resulting from the accident. There was no showing of any substantial improvement subsequent to the divorce in defendant's financial condition which in itself would justify modifying the original decree. There is evidence, however, to which no objection was made that since the divorce defendant received one or two pay increases of seven or eight percent, he formerly got one every year and that any civil service employee automatically gets raises. There is no indication defendant's financial condition has worsened since the divorce.

■ VI. Defendant's remaining proposition is that the payments of $120 per month fixed by the district court are excessive. They were to commence January 1, 1965, and be paid until the further order of the court. As stated, the original decree re-

quired defendant to pay $100 a month until plaintiff remarries or the youngest child reaches 18.

We think there is merit to the argument the supplemental decree, unlike the original decree, makes no provision for termination of the payments except upon further order of the court. This seems to place upon defendant the burden of applying for termination or reduction of the payments and proving a material change of circumstances subsequent to the entry of the supplemental decree sufficient to justify the relief asked. Such a decree should settle the controversy between the parties as nearly as reasonably can be done without calling for future litigation.

In our opinion the original decree and the supplemental one should be modified to provide that defendant shall pay plaintiff $40 per month for the support of each of his three minor children until such child reaches the age of 18, at which time no further payments for such child are required. We further provide that the payments just referred to shall commence November 1, 1965, rather than January 1, 1965, as the supplemental decree provides.

As so modified in each of these respects the supplemental decree (designated "supplementary decree", dated "this ........ day of January, 1965") is affirmed.—Modified and affirmed.

All JUSTICES concur.