KATHRYNE RAEJEAN JEFFRIES, appellee, v. JAMES EDWARD JEFFRIES, appellant.

No. 51870.

(Reported in 138 N.W.2d 882)

DECEMBER 14, 1965.

REHEARING DENIED FEBRUARY 8, 1966.

R. L. Fehseke, of Fort Madison, for appellant.

Napier & Napier, of Fort Madison, for appellee.

RAWLINGS, J.—Plaintiff and defendant were married July 1, 1946, and lived together until about January 1964, when defendant left plaintiff. Two boys, James and Kevin, were born of the marriage.

On September 10, 1964, plaintiff brought action for separate maintenance. Defendant filed answer denying plaintiff's right to relief requested and prayed her petition be dismissed.

At time of trial James was about 16, was employed as a bellhop, and able to take care of himself. Kevin was about nine and not able to earn any substantial sums of money. The boys remained with their mother.

Plaintiff had worked for a time as a meter maid and earned $50 each week but lost that job when the regular employee returned. Several applications for employment had been made by plaintiff and at time of trial she expected to go to work at $1.15 an hour and to put in 40 to 50 hours a week. She also received $8 each week from Mrs. Joyce, a roomer in the home.

Prior to separation defendant operated a barbershop in Fort Madison, but no showing is made as to his earnings in that field. At some time, and apparently after separation, defendant went to work in Dallas City, Illinois, as a bartender where he earned from $8 to $16 a week, but knew he could earn more and expected to do better. He admits his place of residence has been in Niota, Illinois, since December 1964, that he has made no effort to return to plaintiff and does not intend to do so.

After separation defendant regularly paid plaintiff from $15 to $20 a week. At time of trial he owed a total of about $280 and was making small payments on the debts.

Plaintiff claims she needs approximately $213 each month to maintain herself and the boys.

These parties had bought a home worth about $12,000, subject to a $7750 encumbrance. They also owned furniture and an automobile having a total value of about $4000.

Plaintiff and the two boys live in the home.

The court granted plaintiff separate maintenance, awarded her $25 each week, custody of the two boys, right to occupy and use the home, gave to her all household furnishings, awarded her an attorney fee of $100, and ordered defendant to pay debts due and the house payment of $45.65 each month.

I. This case stands in equity and is triable de novo in this court.

If the judgment of the trial court can be sustained on

any theory it may be done regardless of the court's findings. This means we may sustain the district court regardless of its findings or conclusions. Northwestern Mutual Life Ins. Co. v. Blohm, 212 Iowa 89, 96, 234 N.W. 268.

Also in considering credibility of witnesses, we give weight to the fact findings of the trial court, but are not bound by them. Rules of Civil Procedure, 344(f)7.

II. Defendant first contends plaintiff failed to prove desertion.

A suit for separate maintenance is not established by statute in Iowa, but is maintained under the general equity powers of the courts. Kleinendorst v. Kleinendorst, 253 Iowa 1024, 1026, 115 N.W.2d 155. In Peters v. Peters, 249 Iowa 110, 114, 86 N.W.2d 206, we held an action for separate maintenance cannot be maintained except for a cause which would warrant a divorce, but may be granted for desertion although the statutory period has not expired.

In the case now before us, defendant admits he removed himself from the family home, left plaintiff and the two boys, has since made no effort to return, and does not intend to do so. His only given cause for leaving was the inability of plaintiff and defendant to get along together.

But we have repeatedly held incompatibility alone is not sufficient cause to justify the termination of a marriage contract. Neither can it be classified as a just cause for one spouse to abandon the other. So it appears defendant left his home and family without good or just cause.

III. Defendant claimed, however, he had, to the best of his ability, made regular weekly payments to his wife which bars her right to a decree of separate maintenance. We agree.

Without determining the issue, this court in Paulsen v. Paulsen, 243 Iowa 51, 56, 50 N.W.2d 567, commented at some length upon the problem now before us. We there said: "Our own decisions, so far as they can be analyzed, seem to support the thought that payment of support money interrupts the running of the [desertion] period. We said in Kupka v. Kupka, 132 Iowa 191, 192, 109 N.W. 610, that: 'To constitute desertion there must be not only a separation, but an intent to cease to live

together as husband and wife, *an abnegation of all the duties of the marriage relation.*' (Italics supplied.) This was referred to with approval in Tipton v. Tipton, 169 Iowa 182, 151 N.W. 90, Ann. Cas. 1916C 360. Whether one of 'the duties of the marriage relation' is that of the husband to support the wife so far as his ability permits, within the meaning of the two last cited cases, we need not and do not determine * * *."

This view finds ample support in McMullen v. McMullen, 10 Iowa 412, 414; Harlow v. Harlow, 150 Iowa 173, 174, 129 N.W. 833; Nelson on Divorce and Annulment, Second Ed., section 32.25, page 394; 42 C. J. S., Husband and Wife, section 610, page 200; 27 Am. Jur., Husband and Wife, section 411, page 18; and annotation, 10 A. L. R.2d 519–522.

In Parker v. Parker, 244 Iowa 159, 162, 55 N.W.2d 183, this court declared, support of the wife is one of the duties of the marriage relation.

This then means, when desertion is claimed as the basis *for a decree of separate maintenance there must be: (1) wilful separation, and (2) failure to provide reasonable support.*

So we have one element of desertion lacking in the case before us *if* defendant provided reasonable financial aid and assistance to his wife and family.

IV. Circumstances which should be considered in determining the adequacy of support provided include the property, income and earning capacity of the wife; the health of all persons concerned and their needs; and any other factors which fairly shed light upon both needs and ability to meet those needs. In other words, need must be balanced against ability to pay. Stillmunkes v. Stillmunkes, 245 Iowa 1082, 1088–1090, 65 N.W. 2d 366; Weiland v. Weiland, 255 Iowa 477, 480–482, 122 N.W. 2d 837; White v. White, 251 Iowa 440, 442, 101 N.W.2d 18; and Avery v. Avery, 236 Iowa 9, 12, 17 N.W.2d 820.

And in Iowa both parents are under the same legal duty to support their children. Stillmunkes v. Stillmunkes, supra, and Addy v. Addy, 240 Iowa 255, 264, 36 N.W.2d 352.

V. In the case now before us plaintiff was earning and expected to earn about $50 a week. She also received $8 each week from a tenant in the home. She and the boys occupied and

had use of the home and all household furnishings. The oldest boy earns enough to take care of himself, but the youngest son is dependent upon the parents. On the other hand defendant was earning not more than $16 a week, acknowledged he could do better, but how much better is not disclosed. Under these circumstances his payments to plaintiff must be classified as reasonable. Stillmunkes v. Stillmunkes, supra.

We can only conclude there was not such an abnegation of all duties of the marriage relation in this case as to entitle plaintiff to a decree of separate maintenance. Plaintiff's prayer for relief should have been denied.—Reversed.

CHIEF JUSTICE GARFIELD and JUSTICES LARSON, SNELL, MOORE, STUART and MASON concur.

JUSTICES THORNTON and BECKER dissent.