Grace E. BEASLEY, Appellant,

v.

Leo P. BEASLEY, Appellee.

No. 52923.

Supreme Court of Iowa.

June 11, 1968.

Rehearing Denied Sept. 4, 1968.

Porter, Heithoff & Pratt, Council Bluffs, and Elizabeth Lynch, Des Moines, for appellant.

J. G. Fletcher, Des Moines, for appellee.

BECKER, Justice.

The parties to this appeal were divorced August 26, 1960. Defendant-husband who now has custody of the two minor sons of the parties, filed application to modify the decree to compel plaintiff-wife to pay him a reasonable sum for the care and support of the minor children of the parties. Specifically the father seeks a contribution from the mother to aid in defraying the expenses of the older son, Robert, while at college. After trial on the merits the court ordered plaintiff to pay $60 per month commencing September 1965 and continuing each month Robert remains in school. Plaintiff appeals. We affirm.

The history of this litigation commences with the divorce granted plaintiff in 1960. In accord with a stipulation at the time, defendant was ordered to pay $170 child support per month for the two boys and was granted visitation rights.[1] The visitation rights caused immediate friction which culminated in defendant's refusal to pay child support on December 15, 1963.

Attorneys for the parties then discussed a settlement which included reduction in child support to $120 per month and certain changes in visitation rights. Plaintiff rejected the settlement. Defendant filed his first application for modification April 2, 1964. On May 15th while the application was pending, plaintiff retained her present attorney and indicated defendant father could assume custody of the boys at the end of the school term. Custody was actually delivered August 26, 1964.[2] When the court ruled on the application for modification on February 27, 1965, custody was changed to the father, the back child support of $812.12 was ordered paid by him but no support payments were ordered against the mother. A requested offset for recent support of the boys was disallowed.

With this background we turn to the present application for modification filed

August 18, 1965. Defendant alleges plaintiff is an able bodied woman capable of earning in excess of $6000 per year and requests she be ordered to make support payments in a reasonable sum.

The evidence produced by defendant and the two boys indicated Robert had reached college age. His father had remarried and was living with the two boys and their stepmother in a recently purchased $21,500 home which had been financed by borrowing on a property owned by defendant's present wife and by further borrowing on the new home.

Defendant's gross income for 1964 was $7080, plus $20 per month veteran's pension. His present wife's income was $4393, total $11,713. The prior year was slightly less, totalling $10,607. Defendant gave a detailed statement regarding his expenses and the expenses of the family. He estimated the cost of supporting the two boys at $250 to $300 per month. The father paid at least $138 of the $320 school tuition at Grand View College.

Both boys, James and Robert, then ages 16 and 18 respectively, testified they had jobs. James attended high school and worked during the summer making $370 in the summer of 1965. He was allowed to buy a motorcycle for $400. His father paid some $270 on the purchase price. The rest of his earnings he spent on himself.

Robert also worked regularly both while attending high school and during the summer. He made about $22 to $24 per week. He bought a 1958 Chevrolet for $475. His father paid $200 of that sum. The car was used in part to get to school and to work. The rest of what Robert made went for personal needs, gas and upkeep on the car. The father provided the food, clothing and other necessaries for the boys.

During the summer of 1965 Robert enrolled at Grand View College where his

---

1. The record indicates defendant was earning $5580 a year at that time.

2. Defendant accuses plaintiff of abandoning the boys at this time but we find no support in the record for such charge.

grades were good except for English. He wanted to go to Iowa State University to prepare to become an aeronautical engineer. His aptitude tests, given by the Air Force, qualified him for participation in an Air Force program which would help him finance studies toward that goal. However, he would need thirty college semester hours to qualify.

Defendant-father, besides testifying in some detail as to his financial affairs, stated he intended to see the boys through school (college) one way or another. He anticipated he would have to borrow money to do this.

Plaintiff's testimony consisted almost entirely of a review of her financial status. Under the divorce decree she owns the $11,000 home owned by the parties at the time of divorce. There is a mortgage of about $4100 against that property which is rented for $90 per month. The mortgage, taxes and insurance payments are $76 per month. Plaintiff is a school teacher at Council Bluffs. In 1963 her gross income was $5506 from the Johnston school at which she was then teaching. Her salary for the 1964–1965 school year was $5409; her contract for 1965–1966 called for $5859 per year. She has been taking summer school sessions to add a Masters Degree to the college degree she now has. She detailed her expenses totalling $315 per month, excluding food and incidentals. She also had some back bills to pay. She felt that after her income tax and other deductions were subtracted from her monthly check, she could not afford to make payments for the care and support of her boys. As she put it, "I can't pay child support, I just don't have the funds."

The trial court held the graduation of Robert from high school and actual enrollment in Junior college constituted sufficient change in circumstances to justify modification of the decree. It also held the boys were intelligent, industrious young men who quite obviously should attend college. It found plaintiff was able to bear some of the cost of support of the boys and ordered her to pay $60 per month for each month Robert was in college.

The ruling was made on November 15, 1965. However, motion to amend findings of fact or alternatively for new trial was timely filed. For some reason no ruling was made on those matters until February 17, 1967. The record does not show the reason for this delay but, whatever the reason, the delay, added to the delays stipulated pending the appeal, unduly complicates the problem.

■ I. In this de novo review we give weight to the trial court's findings but are not bound by them. Rules of Civil Procedure, #344f(7).

■ II. Plaintiff's first proposition relied on for reversal argues that the father is primarily liable for support and education of the children. See Jeffries v. Jeffries, 258 Iowa 623, 138 N.W.2d 882, 885: "And in Iowa both parents are under the same legal duty to support their children. Stillmunkes v. Stillmunkes, supra, [245 Iowa 1082, 65 N.W.2d 366] and Addy v. Addy, 240 Iowa 255, 264, 36 N.W.2d 352."

■ III. Plaintiff's second proposition argues section 597.14 applies only as to cases brought by third parties and is not applicable where the contest is between the parents. Such argument is irrelevant. The cases cited in Division II clearly state both parents are equally obligated to support their children. As indicated in Addy v. Addy, supra, the public policy inherent in section 597.14 might well have aided this court in formulating such a rule but the rule itself is not dependent on statute. See Johnson v. Barnes, 69 Iowa 641, 644, 29 N. W. 759 where, after referring to the foregoing statute, we said: "It is perfectly clear that any third person, under this statute, who should furnish necessaries for the support of the family and children, and who was entitled to recover, could maintain an action in the first instance against the wife alone, and it would make no difference

whether they were living together or separate. Nor does it seem to be material, if the parties were living separate, with which parent the children were living, for both, jointly or separately, are made liable at least for the education of the children. This statute has application, we think, to both third persons and to the husband and wife; for, there being no exception, its application must be general, and to all persons under the statute the legal duty is cast equally on both parents to support their children." The controlling statute in a divorce case is section 598.14 which states: "Alimony—custody of children—changes. When a divorce is decreed, the court may make such order in relation to the children, property, parties and the maintenance of the parties *as shall be right*.

"Subsequent changes may be made by it in these respects when circumstances render them expedient." [Emphasis supplied]

■ IV. Plaintiff also argues we should consider the income of the stepmother in this case. In Simpkins v. Simpkins, 256 Iowa 989, 992, 129 N.W.2d 723, we said: "It might be pointed out that the children have acquired a stepfather who stands in loco parentis to them, and owes a duty of support so long as they are in his home."

We agree the stepmother's income should be considered.

■ V. Plaintiff's final proposition is crucial. "Under the facts of this case, the award of $60 a month for a college education was excessive."

■ In Gerk v. Gerk, 259 Iowa 293, 144 N.W.2d 104, we determined a college education may be a necessary which a parent is obliged to provide for a child. In that case at page 109 of 144 N.W.2d we said: "The facts of each case are important. Factors governing a proper decision include the financial condition of the parent, the ability of the minor for college work, the age of the minor, whether the child is self-sustaining or not, the father's willingness to provide an education and other factors. Annotation, 56 A.L.R.2d 1208; 18 Vanderbilt Law Review, No. 3, pages 1400–1428, June, 1965."

Here both the mother and father have reasonably good incomes. Both have a duty to support. The trial court found, and we agree, that Robert at least (we are not here concerned with James' needs) should have a college education available to him. While Robert has some income, the burden on the adults while he is in college is far above what he can earn while there. The $60 per month award is not unreasonable in light of the incomes of the five individuals. While plaintiff has some substantial back bills to pay and a reasonable need to continue her own education, her income would appear adequate to handle the situation. When she had custody of the boys the parties stipulated to a $170 per month support payment from the father and upon request for a reduction plaintiff (as was her right) refused to voluntarily reduce such amount to $120. At that time the father's income was less than plaintiff's income at the time the $60 payment was ordered.

It is also noted the expenses incident to the education and support of James have undoubtedly increased during the two and three-quarters years since judgment. Plaintiff has paid nothing toward his support and no additional help for past expenses may be recovered from her. Addy v. Addy, supra, and cases cited therein.

In attempting to balance the equities in this case, we think it reasonable to require plaintiff to furnish the help required of her by the trial court's decree. Plaintiff has an $812.12 judgment to use as an offset against her liability under the court's decree (or alternatively if the judgment has been paid since trial she has received the benefit of that amount.) The decree by its terms may afford a maximum liability of $540 per year for the past three school years or $1640. If Robert did not attend

school for the full nine months per year the accrued liability will of course be less.[3]

Affirmed.

SNELL, MOORE, STUART and MASON, JJ., concur.

GARFIELD, C. J., and LARSON, RAWLINGS and LeGRAND, JJ., dissent.

LARSON, Justice (dissenting):

I respectfully dissent. I find in this record no sufficient change in circumstances to permit a reopening and modification of the March 4, 1965, modification of the original divorce decree. Neither do I find sufficient evidence to justify the order and decree of November 15, 1965, requiring plaintiff to pay the boys' father $60.00 per month in child support for the time that Robert attends college, nor does it appear that she arbitrarily refused to contribute to the support of the boys when custody was awarded to defendant at his request in the modification of March 1965.

I. It is well established in Iowa that child custody and support provisions of a divorce decree are final as to circumstances then existing and will only be modified where the applicant proves, by a preponderance of the evidence, that there has been a subsequent material and substantial change of circumstances and that the children's welfare requires such a modification. Simpkins v. Simpkins, 258 Iowa 87, 90, 137 N.W.2d 621, 623; Welch v. Welch, 256 Iowa 1020, 1025, 129 N.W.2d 642, 644; Jensen v. Jensen, 253 Iowa 1013, 1015, 114 N.W.2d 920, 921; Holesinger v. Holesinger, 252 Iowa 374, 377, 378, 107 N.W.2d 247, 249, 250; Pearson v. Pearson, 247 Iowa 437, 441, 74 N.W.2d 224, 226.

Not every change of circumstances is a sufficient basis for modification of a divorce decree. We have often said that a decree will not be modified unless its enforcement will be attended by a positive wrong or injustice as a consequence of the changed conditions. Simpkins v. Simpkins, supra; Smith v. Smith, 257 Iowa 584, 589, 133 N.W.2d 677, 680; Prandy v. Prandy, 241 Iowa 1050, 1054, 44 N.W.2d 379, 381; Apfel v. Apfel, 238 Iowa 274, 277, 27 N.W.2d 31, 33, 34; Keyser v. Keyser, 193 Iowa 16, 186 N.W. 438, and citations.

The changed conditions relied upon *must not have been in the contemplation of the court* when the decree was entered. Simpkins v. Simpkins, supra; Welch v. Welch, supra; Jensen v. Jensen, supra; Holesinger v. Holesinger, supra; Apfel v. Apfel, supra; Newburn v. Newburn, 210 Iowa 639, 641, 642, 231 N.W. 389, 391. See also annotation, 89 A.L.R.2d 10, 21.

It clearly appears the child support ordered herein was for college education expenses of the oldest child. It also appears that in the March 1965 modification the trial court considered the fact that this older boy intended to and, in fact, was attending college, and then held this was not a sufficient change in circumstances to justify a modification of the original decree as to support payments. Thus it seems the trial court here overlooked the fact that Robert was attending college when the former modification of March 1965 was rendered and the court took that matter into consideration at the time. In the conclusions of law of February 27, 1965, the court found "That defendant is not entitled to * * * any sums he spent for clothing, *tuition,* or for other purposes after the boys were placed in his custody * * *." (Emphasis added.) Therefore, this attempt amounts to little more than a rehearing on that recent determination.

I would hold that the changed conditions advanced in the August 18, 1965, application for modification had been contemplated, considered, and denied in the modification order of March 4, 1965, and could

---

3. We have no accurate information and no issue re the impact of Robert reaching the age of majority and do not consider the matter.

not be entertained in these proceedings. Goodrich v. Goodrich, 209 Iowa 666, 228 N.W. 652; McKee v. McKee, 239 Iowa 1093, 32 N.W.2d 379; Sandler v. Sandler, 258 Iowa 84, 137 N.W.2d 591. I would also hold that the applicant herein failed to show any changed conditions that could justify another modification. His testimony disclosed that all the equities are with the plaintiff.

II. In any event, there was no showing that the plaintiff was unwilling or arbitrarily refused to pay any amount for the oldest child's college education. The simple fact is that under her disclosed income she could not afford to pay child support in any amount. She testified: "I *can't* pay child support. I just *don't have* the funds." (Emphasis added.) It appears she was not meeting all her current obligations.

On the other hand, the record reveals defendant *could* adequately provide for Robert's education without her help. The better authorities and most cases seem to agree that, although both father and mother are liable to third parties for their children's necessities, the mother should be required to contribute to child support only where it appears the father's income is not adequate to provide for the children. As to this division of internal responsibility, see Stillmunkes v. Stillmunkes, 245 Iowa 1082, 1089, 65 N.W.2d 366, 370. Also see Clark, Law of Domestic Relations, Child Support Orders, sections 15.1, 15.2 (1968), and cases cited.

It appears from the record that plaintiff's gross earnings as a teacher during the school year of 1964–1965 were $5,409, not $6,000 or in excess thereof as defendant alleged. In order to keep her position she must attend summer school away from home, and this she did at considerable sacrifice and expense to her. Her listed expenses of approximately $315 per month did not include food, substantial existing liabilities incurred while the boys lived with her, medical expenses, and other items of obvious necessities not overlooked in the ex-

penses listed by the boys' father. Defendant had remarried and the joint incomes of him and his wife totaled $11,673.91 in 1964. They did not deny themselves, did not live in or rent the modest previous house of the second wife, but purchased a near-new three-bedroom brick home in one of the Des Moines suburbs for $21,500. It further appears he did not encourage thrift in his sons, that he paid $200 toward a used car purchased by one son and $230 toward a motorcycle purchased by his other son, and he did not insist that their earnings be used to further their education. The record disclosed he has no significant liabilities other than loans on his home and his present wife's former home. In fact, in 1964 he considered it feasible to purchase a second television set and remodel the master bedroom in his residence costing almost $600. Thus, it readily appears that he is enjoying a relatively high standard of living and that his income is ample to provide for his son's college education.

This is not the case where custody is placed with the wife and her income is considered in determining the amount of child support the father must furnish. Here the father has the custody of the boys, and I would hold under such circumstances he must furnish their support unless he can show his income is not adequate and the former wife has means to aid in that support but arbitrarily refuses to do so. This does not appear.

Although the wife was shown gainfully employed, it does not appear she can assume this $1,640 obligation to the defendant. If she is forced to do so, she will need to eat a good many more 29-cent T.V. dinners. Such an order will not comply with the statute mandate of "as shall be right." Section 598.14, Code of 1966. It is not equitable. As bearing thereon, see Jeffries v. Jeffries, 258 Iowa 623, 627, 138 N.W.2d 882, 885.

Moreover, if the majority's position is adopted, it will open "Pandora's box" to the claims of former husbands at the ex-

pense of former wives, and we will be faced with a never-ending balancing of reasonable needs and incomes to determine how much each divorced person must contribute to the college education of their qualified children.   I would reverse.

GARFIELD, C. J., joins in this dissent.