**In re the MARRIAGE OF Katherine I. HARLESS and Harold C. Harless.**

**Upon the Petition of Katherine I. Harless, Appellee, and concerning Harold C. Harless, Appellant.**

No. 2–8235.

Supreme Court of Iowa.

March 16, 1977.

Michael E. Kelley, Glenwood, for appellant.

Matt J. Walsh, Council Bluffs, for appellee.

Submitted to MOORE, C. J. and MASON, RAWLINGS, LeGRAND and UHLENHOPP, JJ.

LeGRAND, Justice.

A dissolution decree entered on January 26, 1972, provided for payment of $100 a month for the support of Robin Christine Harless, daughter of the parties, until she should reach "the age of 21 years or otherwise attain her majority or terminate her formal education, whichever event is first to occur."

At the time the decree was entered, the age of majority was 21 years. Thereafter the legislature amended § 599.1, The Code, to reduce the age of majority, first to 19 years (Chapter 1027, § 49, Acts of the 64th G.A., 1972, Regular Session) and thereafter to 18 years, where it now stands (Chapter 140, § 49, Acts of the 65th G.A., 1973, Regular Session).

This appeal raises the interesting question whether respondent (Harold) was relieved of these payments when his daughter became 18, the age of majority under present law, or whether he must support her until her minority terminates under the law as it was when the decree was entered.

When Robin became 18, Harold stopped making support payments. He claimed

then, as he claims now, that he was relieved of further liability because she had reached the age of majority. A contempt citation was issued to compel him to resume payments. A petition for modification was also filed, asking alternatively that the court specifically order payments continued beyond Robin's 18th birthday. The matter was submitted on stipulated facts.

The trial court dismissed the contempt citation because it found Harold's refusal to pay was not contumacious. No appeal was taken from that determination. The trial court also ruled the language in the decree was intended to require support payments until Robin reached the age of majority as it then stood (21 years) unless her minority was sooner terminated by circumstances other than age—marriage or emancipation. Harold does not challenge the court's power to modify the decree, claiming only that the wrong result was reached.

We have not heretofore faced this problem, although we have considered the effect of the statutory change reducing the age of majority in other contexts. *See Chambers v. Chambers*, 231 N.W.2d 23 (Iowa 1975) and *In Re Marriage of Briggs*, 225 N.W.2d 911 (1975). Courts which have decided similar questions have arrived at differing conclusions.

In *Carpenter v. Carpenter*, 21 Ill.App.3d 1022, 316 N.E.2d 207, 208 (1974), the court said:

"On the date of the agreement and the decree it was contemplated that such payments would continue until the children attained age 21 which was then the statutory age of majority for male children. The intervening amendment reducing to 18 the age of majority from 21 did not affect the father's obligation to pay child support until age 21 or until the child was emancipated."

*See also Waldron v. Waldron*, 13 Ill.App.3d 964, 301 N.E.2d 167, 170–171 (1973).

A conflict among different appellate divisions in Florida was resolved in *Daugherty v. Daugherty*, 308 So.2d 24, 25 (Fla.1975), where that state's Supreme Court held a statutory reduction in the age of majority

did not terminate support payments under a decree entered before the statutory change.

In three cases decided the same day, Minnesota agreed with the above holdings. *See Brugger v. Brugger*, 303 Minn. 488, 229 N.W.2d 131, 136 (1975); *Yaeger v. Yaeger*, 303 Minn. 497, 229 N.W.2d 137, 138 (1975); *Hampton v. Hampton*, 303 Minn. 500, 229 N.W.2d 139, 140 (1975).

The same result was reached under varying circumstances in *Vicino v. Vicino*, 30 Conn.Super. 49, 298 A.2d 241, 242, 243 (1972); *Wilcox v. Wilcox*, 406 S.W.2d 152, 153 (Ky.1966); *Monticello v. Monticello*, 271 Md. 168, 315 A.2d 520, 523 (1974); *Springstun v. Springstun*, 131 Wash. 109, 229 P. 14, 16 (1924); *Cunningham v. Cunningham*, 12 Wash.App. 778, 532 P.2d 652, 653 (1975); *Corbin v. Corbin*, 206 S.E.2d 898, 907 (W.Va. 1974).

A contrary result has been reached by several other courts. *See Rice v. Rice*, 213 Kan. 591, 518 P.2d 477, 481, 482 (1974); *Shoaf v. Shoaf*, 282 N.C. 287, 192 S.E.2d 299, 302–303 (1972); *Whitt v. Whitt*, 490 S.W.2d 159, 160 (Tenn.1973).

Some of the cases refusing retroactive recognition to the change of age are based on the agreement of the parties, some on particular statutory language. Regardless of the rationale of the particular case, the result reached is the correct one. In our own case we rely on the general rule of statutory construction that statutes have prospective application only unless a clearly contrary intent appears. § 4.5, The Code, 1975; *Walker State Bank v. Chipokas*, 228 N.W.2d 49, 51 (Iowa 1975); *Schnebly v. St. Joseph Mercy Hospital*, 166 N.W.2d 780, 782 (Iowa 1969). We hold the several amendments to § 599.1 which lowered the age of majority from 21 to 18 should have prospective application only.

The better rule is the one which holds that the law in effect at the time of the decree should govern. We decline to follow the rule of those courts which hold otherwise.

Harold also argues the 1972 Amendment to § 598.1, The Code, which permits support orders under certain conditions for children between 18 and 22 years of age, violates the 5th and 14th Amendments to the Federal Constitution on equal protection grounds. This amendment became effective after the date of the decree in this case. It is not applicable to this case. We therefore do not reach that question.

For the reasons heretofore set out, we affirm the trial court's ruling.

AFFIRMED.