Robert WILLCOX, Appellant,

v.

Barbara J. BRADRICK, formerly Barbara D. Willcox, Appellee.

No. 66459.

Supreme Court of Iowa.

May 19, 1982.

proved and ratified a stipulation providing that a child-support payment of $50 per child, per month, was to be paid by the defendant until the parties' two sons "reach their majority, graduate from high school, or become self-supporting, whichever contingency arises first." In May, 1980, their oldest son was graduated from high school, and, under the terms of the decree, the defendant discontinued contributing to that son's support. The plaintiff then applied for a modification of the original decree to increase the amount of monthly support payments and to extend the period of their payment to assist in payment of college expenses. The district court ordered the defendant to pay support of $125 per child, per month, "until each child reaches the age of 21."

Steven H. Lytle, of Erickson, Miller, Laughlin & Lytle, P. C., Des Moines, for appellant.

James A. Pratt, of Heithoff, Pratt & Heithoff, Council Bluffs, for appellee.

Considered by LeGRAND, P. J., and HARRIS, McCORMICK, LARSON, and SCHULTZ, JJ.

LARSON, Justice.

Upon plaintiff Barbara Bradrick's application for modification, the district court increased and extended the amount of child support to be paid by the defendant Robert Willcox. From the court's denial of his "motion for new trial and review of court order modifying decree of divorce," the defendant has appealed, contending the district court (1) lacked subject-matter jurisdiction to modify the amount and extent of child support fixed in an original dissolution decree when, by its terms, that portion of the decree was terminated; (2) erred in concluding there had been a significant change of circumstances justifying modification; and (3) erred in ordering the increase in support retroactive to the date of the plaintiff's application for modification.

The marriage of the plaintiff and defendant was dissolved in 1967. The decree ap-

I. *Subject-matter jurisdiction.*

The defendant argues the district court's power to modify the original award of support for his oldest son terminated upon the occurrence of the first contingency set forth in the decree: his son's graduation from high school. In response, the plaintiff argues that notwithstanding the son's graduation the district court retained subject-matter jurisdiction to modify the decree as long as he had not reached "majority age." Two interrelated issues are thus presented: (1) whether the age of majority, for purposes of determining a district court's jurisdiction to modify an award of child support, is defined by the statute in effect at the time of the original award or by the one in effect at the time of the application for modification; and (2) whether a district court can modify an award of child support after support has been terminated under the provisions of the original decree.

At the time of the original decree majority age was defined in section 599.1, The Code 1966, as twenty-one years. Subsequently, the legislature reduced the age of majority to nineteen years, 1972 Session, 64th G.A., ch. 1027, § 49, and again reduced it to eighteen years, 1973 Session, 64th G.A., ch. 140, § 49. While the defendant argues

the oldest son "must now be viewed as any other eighteen-year-old," implying majority age is defined under the present version of the statute, § 599.1, The Code 1981, the plaintiff insists majority age is defined under the statute in effect at the time of the original decree, § 599.1, The Code 1966. *In re Marriage of Harless*, 251 N.W.2d 212 (Iowa 1977), forecloses an extended discussion of the issue. In that case we held the legislature's lowering of majority age from twenty-one to eighteen years was to have prospective application only: "[T]he law in effect at the time of the decree should govern." *Id.* at 213. Under the circumstances of that case a father was obligated to support his child until she reached age twenty-one where the original decree, entered prior to the statutory amendment, provided for payments until the child attained majority. *Id.* Accordingly, under the rule announced in *Harless*, the parties' oldest son would reach majority at age twenty-one in the present case.

■ Authorization to modify an award of child support is set forth in section 598.21, The Code 1981: [1]

> 4. Upon every judgment of annulment, dissolution or separate maintenance, the court may order either parent or both parents to pay an amount reasonable and necessary for support of a child.
>
> \*   \*   \*   \*   \*   \*
>
> 8. The court may subsequently modify orders made under this section when there is a substantial change in circumstances.

At the time of the plaintiff's application the oldest son was eighteen years old, and as a minor he was still a ward of the court. As such the district court had the authority under section 598.21(8) to modify the original award of support.[2] So long as the court had the power to order continued support payments the fact that the original support obligation had terminated does not preclude modification to extend it.

## II.   *Sufficiency of the evidence.*

■ In its modification order, the district court found the original award of child support to be insufficient in 1981. The court concluded that the defendant was financially able to pay support of $125 per child, per month, and that he was to pay support until each son reached the age of twenty-one years, in order that they might receive a college education. The defendant claims the district court erred in concluding the plaintiff had sustained her burden of proof on these particulars. This court's review is de novo, *see* Iowa R.App.P. 14(f)(7), although the district court's findings may be entitled to more-than-usual weight because the only testimony received was from the plaintiff.

The original decree of 1967 required the defendant to pay $50 per child, per month. At that time, he was a staff sargeant in the United States Air Force earning $600 per month, and the plaintiff, presumably a waitress, was earning $400 per month. After their divorce both parties remarried, and according to their federal income tax returns at the time of trial, both are financially sound: for 1979 the defendant's joint return stated total income of over $25,000 and the plaintiff's joint return stated total income of $32,000. Specifically, the defendant's income from his employment and his pension in 1979 amounted to roughly $14,500; while the plaintiff reported a loss of over $3800 in 1979, her income from her life insurance sales in 1978 was $9500 to $10,000.

The oldest son was a freshman studying accounting at a small, private college, which charged almost $5000 a year for room, board, and tuition. He had obtained a student loan, co-signed by the plaintiff, of $2300 from the government; payments on it are not due until after his graduation. The youngest son, a junior in high school, had

---

1. The plaintiff's application was filed in September, 1980, some two months after the 1980 amendments to section 598.21 became effective.

2. The defendant concedes the district court had jurisdiction to modify the award of support for his youngest son.

hopes of eventually enrolling in medical school. Both sons worked in the summer at a drive-in theater, the oldest one earning approximately $1000 there in 1980. Both have automobiles, registered in their mother's and stepfather's names, and each son, with the aid of the plaintiff, makes payments on his respective vehicle.

The defendant argues that the provision in the original decree only requiring payment of child support to continue until each child graduates from high school indicates the district court, at the time the decree was entered, considered the "changed conditions" relied upon by the plaintiff. *See, e.g., Simpkins v. Simpkins,* 258 Iowa 87, 90, 137 N.W.2d 621, 623 (1965) ("the changed circumstances relied upon must be such as were not within the knowledge or contemplation of the court when the decree was entered"). The plaintiff argues that it is the fact of the parties' increased incomes which has made the sons' college education more than just a remote possibility, as it was when the decree was entered, and that the district court could not have foreseen such circumstances.

It has been held that a child's graduation from high school and actual enrollment in junior college, coupled with a parent's increase in income, constitutes a sufficient change of circumstances to justify modification of a decree to require that parent to increase the amount of child support. *See Beasley v. Beasley,* 159 N.W.2d 449, 452 (Iowa 1968) (§ 598.14, The Code 1966: "Subsequent changes [in the original decree of divorce for child support] may be made by [the district court] . . . when circumstances render them expedient."); *see* § 598.1(2), The Code 1981.[3] The plaintiff sustained her burden of proof; and the district court's award was equitable in view of the circumstances.

III. *Power to make increase in support retroactive.*

 Section 598.21(8) does not specify the time at which modifications in the

amount of child support are to become effective. The defendant argues the district court could not make the increase in child support retroactive to the date of the plaintiff's application for modification, at least "in the absence of manifest injustice." He relies upon this language from *Wren v. Wren,* 256 Iowa 484, 489, 127 N.W.2d 643, 646 (1964):

Modification of a decree for support payments operates prospectively and not retrospectively. The right to modify does not authorize the court to divest the parties of rights accrued under the original decree. Even where a decree is modified and a change is made payments that have accrued up to that time cannot thereby be affected.

(Citations omitted.) *See Delbridge v. Sears,* 179 Iowa 526, 532–33, 160 N.W. 218, 221 (1916). *Wren,* however, did not establish *when* payments could be considered to be retroactive, *viz.,* at the time of the filing of the application or at the time of the filing of the modification decree. This question was answered in *Spaulding v. Spaulding,* 204 N.W.2d 634, 636 (Iowa 1973), where the court stated a parent's duty to pay increased child support as a result of a modification proceeding can be "made retroactive to . . . the date [of the filing of] the application for modification . . . ." *See also Delbridge,* 179 Iowa at 530, 533–34, 160 N.W. at 221 (a dissolution decree is a finality "until the power of the court [is] invoked to make changes and modifications"; the *right* to modification "must date from the application for modification").

We find no reversible error.

AFFIRMED.

All justices concur, except SCHULTZ, J., who dissents.

SCHULTZ, Justice (dissenting).

I respectfully dissent from division II of the majority opinion. I find no change of

---

**3.** This statute provides support may include payments for a child between the ages of 18 and 22 who is a "full-time student in a college, university, or area school; or has been accept-

ed for admission to a college, university, or area school and the next regular term has not yet begun . . . ."

circumstances sufficient to permit the "extension" of child support beyond the period originally agreed upon, which agreement became a part of the decree.

It is true that the appellant has had an increase in income; but it is obvious that the increase is principally due to inflation. This change of circumstance would provide a basis to increase substantially the support for an eligible child under the decree. It is not a change that should modify the period of support to extend beyond the original termination date, however. At the time of the stipulation and decree, it should have been foreseeable that the children might attend college. The cost of that responsibility was not placed on the appellant, however.

The majority rely on *Beasley v. Beasley*, 159 N.W.2d 449 (Iowa 1968), as authority for the proposition that a child's enrollment in college, coupled with a parent's increase in income, constitute a sufficient change of circumstances to justify modification of a decree to require an increase in the amount of child support. In the present case, however, by the terms of the decree, support has terminated; the modification creates a new time period for support, rather than determining an amount of support for a period of time established in the original decree.

*Beasley* is distinguishable from the present case. In *Beasley* the original decree provided for support while the child was in school, with no mention of termination at the completion of high school. A subsequent modification changed custody from the mother to the father; however, support by the mother was neither agreed to nor decreed. This was remedied by a later modification that provided for support from the mother while the children were in college. Moreover, there was no decree providing that support would terminate upon graduation from high school; support was ordered for the period originally contemplated.

I would hold that sufficient evidence has not been presented of a subsequent material and substantial change of circumstances,

unforeseen at the time the decree was entered, to warrant modifying the period of support stipulated in the original decree.