In re the **MARRIAGE OF Bonnie K. BRANDS and Thomas N. Brands.**

Upon the Petition of Bonnie K. Brands, Petitioner-Appellee,

and Concerning

**Thomas N. Brands, Respondent-Appellant.**

No. 85–1740.

Court of Appeals of Iowa.

June 25, 1986.

Thomas N. Brands, respondent-appellant, pro se.

Stephen F. Avery of Cornwall, Avery, Bjornstad & Scott, Spencer, for petitioner-appellee.

Considered by DONIELSON, P.J., and SNELL and HAYDEN, JJ.

HAYDEN, Judge.

Respondent husband appeals an order modifying the parties' dissolution decree. He contends the trial court erred in 1) ordering him to pay outstanding medical bills, 2) increasing the child support obligation, and 3) giving the state and federal income tax dependency exemptions to petitioner. We affirm as modified.

Bonnie and Thomas Brands were divorced in November 1979. They entered into a stipulation providing that Bonnie was to have custody of the two minor children. Thomas was to pay child support in the amount of $150 per month per child and provide health insurance or pay the children's medical bills if no insurance was procured. Thomas was also to receive the right to claim the income tax deductions for the minor children. A decree was entered approving this stipulation.

In February 1985, Bonnie filed an application to modify child support citing a substantial change of circumstances due to inflation and increased medical expenses for the minor children.

At the time of trial, Bonnie was starting a new job with a gross annual income of $18,250.00. Bonnie was the only witness to appear. Thomas, who had discharged his attorney prior to trial for financial reasons, did not appear, but did file with the trial judge a letter and a statement of estimated earnings which ranged from $14,500.00 in 1980 to $24,000.00 in 1985. Thomas lives in Florida and is employed as a manager of an automotive shop. His 1985 federal income tax return shows a gross income of $13,-856.00.

The trial court entered a modification order increasing the child support obligation to $185 per month per child and requiring Thomas to pay outstanding medical bills. Bonnie was given the income tax dependency exemptions for 1985 and all subsequent years. In all other respects the original decree was affirmed. Thomas has appealed.

Our review is de novo. Iowa R.App.P. 4. "Nevertheless the trial court has considerable discretion in determining whether modification is warranted and that discretion will not be disturbed on appeal unless there is a failure to do equity." *In re Marriage of Vetternack*, 334 N.W.2d 761, 762 (Iowa 1983).

Child support awards and related provisions of the decree may be subsequently modified when there is a substantial change of circumstances. Iowa Code § 598.21(8) (1985). The court contemplating a change in circumstances shall consider each parent's earning capacity, economic circumstances, and the cost of living. *Id.*

We take judicial notice of the reduced purchasing power of the dollar and also weigh the factor of the increased needs of a growing child. *Spaulding v. Spaulding,* 204 N.W.2d 634, 636 (Iowa 1973); *Dworak v. Dworak,* 195 N.W.2d 740, 742 (Iowa 1972). Both parties have an obligation to support their children in proportion to their ability and circumstances. *In re Marriage of Byall,* 353 N.W.2d 103, 108 (Iowa Ct.App. 1984).

After considering these factors, we affirm the modification with one exception. So long as Thomas is current in child support payments, at the end of each tax year he shall be entitled to claim the parties' children as dependent exemptions on his federal and state income tax returns. Bonnie shall execute a multiple support agreement and/or any other requisite I.R.S. and Iowa Department of Revenue forms necessary to accomplish this. She shall deliver the executed forms to Thomas on or before January 20th of each calendar year.

AFFIRMED AS MODIFIED.