In Re the MARRIAGE OF Larry
Douglas CHMELICEK and
Jorja Lynn Chmelicek,

Upon the Petition of Larry Douglas
Chmelicek, Appellant,

And Concerning Jorja Lynn
Chmelicek, Appellee.

No. 90–1721.

Court of Appeals of Iowa.

Nov. 26, 1991.

Timothy S. White and Allison M. Heffern of White & Johnson, P.C., Cedar Rapids, for appellant.

John M. McCright of Fisher, Ehrhart, McCright & Turner, Cedar Rapids, for appellee.

Heard by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

DONIELSON, Presiding Judge.

Larry and Jorja Chmelicek were married in September 1977, and were divorced on December 30, 1983. They have one minor child, Stacie, born February 12, 1978.

At the time of the original decree Larry was ordered to pay child support of $225 per month. Additionally, the parties stipulated that the child support would be adjusted based on the lesser of Larry's annual increase in wages or the cost of living as reflected by the consumer price index.

In 1983, Larry was working at the United States Bank and had a gross annual income of approximately $22,600. Jorja earned approximately $11,000 annually working as an office clerk. Their daughter, Stacie, was in kindergarten.

Since the decree, Larry has remarried. He has a child by his second wife, and she has a child from a previous marriage. Jorja has not remarried.

At trial, Larry was employed at Merchants National Bank as a vice president in charge of commercial loans. He earns approximately $40,000 per year, and his wife earns approximately $1,200 per month operating a day care center. Larry has also acquired an interest in a real estate investment company, but to date the company has not earned substantial returns on its investments. Jorja has continued at the same employment, and in 1989 she earned $17,300.

Since the decree was entered, Larry paid his child support but has not paid the COLA adjustments.

On February 1, 1990, Jorja filed a petition for modification of the child support provisions of the dissolution decree. On October 30, 1990, the trial court held that Larry's increase in income, the impact of inflation, and the increased needs of a growing child constituted a material and substantial change in circumstances. Accordingly, the court modified the parties' decree and increased Larry's child support obligation to $420 per month but eliminated the COLA adjustment provision. The award was made retroactive to February 1, 1990, the date Jorja filed her petition for

modification. The district court arrived at its child support award based on the child support guidelines which became effective September 29, 1989. The court also ordered Larry to contribute $500 toward Jorja's attorney fees.

Larry has appealed. He asserts the trial court erred in finding that there had been a substantial change in circumstances not contemplated at the time of the decree. Larry insists that he should only be required to pay child support in the amount of $289.88 per month, as calculated by the cost of living adjustment, and back support in the amount of $1,966.44. He believes that each party should pay his or her own attorney fees.

On cross-appeal Jorja asks that the appellate court apply the new child support guidelines which became effective December 31, 1990. She contends that, based on Larry's net monthly income of $2,500, child support should be set at $562.50. Jorja also requests that Larry be ordered to pay her attorney fees on appeal in an amount not less than $2,850.

In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

I. *Child Support.* Larry argues the trial court erred in concluding that a substantial change in circumstances had occurred since the entry of the original decree. We agree.

The district court may modify the provisions of a dissolution decree when there has been a substantial change in the parties' circumstances. Iowa Code § 598.21(8) (1989). Section 598.21(8) provides in relevant part:

In determining whether there is a substantial change in circumstances, the court shall consider the following:

a. Changes in the employment, earning capacity, income or resources of a party.

b. Receipt by a party of an inheritance, pension or other gift.

c. Changes in the medical expenses of a party.

d. Changes in the number or needs of dependents of a party.

e. Changes in the physical or emotional health of a party.

f. Changes in the residence of a party.

g. Remarriage of a party.

h. Possible support of a party by another person.

i. Changes in the physical, emotional or educational needs of a child whose support is governed by the order.

j. Contempt by a party of existing orders of Court.

k. Other factors the court determines to be relevant in an individual case.

Iowa Code § 598.21(8) (1989 Supp.).

■ However, not every change in circumstances constitutes a sufficient basis for modification. *In re Marriage of Vetternack*, 334 N.W.2d 761, 762 (Iowa 1983); *Simpkins v. Simpkins*, 258 Iowa 87, 90, 137 N.W.2d 621, 623 (1965). Provisions for child support payments in a decree are final as to the circumstances then existing. *Mears v. Mears*, 213 N.W.2d 511, 515 (Iowa 1973). The "then existing" circumstances are those which were known or, through reasonable diligence, should have been known to the court when the original decree was entered. *Harwell v. Harwell*, 253 Iowa 413, 417, 112 N.W.2d 868, 871 (1962). A trial court may not modify child support provisions in a decree simply on the ground that they were originally inequitable; but rather, relief from an inequitable provision may be effected only by appeal. *Smith v. Smith*, 257 Iowa 584, 591–92, 133 N.W.2d 677, 681 (1965). "Any other procedure would leave the matter open to the most undesirable result of endless litigation and continual uncertainty." *Simpkins v. Simpkins*, 256 Iowa 989, 992, 129 N.W.2d 723, 725 (1964).

■ The change in circumstances must not have been within the contemplation of the trial court when the original decree was entered. *Vetternack*, 334

N.W.2d at 762. Therefore, petitioner must show by a preponderance of the evidence, that the change in circumstances could not reasonably have been within the contemplation of the trial court at the time the original decree was entered. *Jensen v. Jensen*, 253 Iowa 1013, 1019, 114 N.W.2d 920, 921 (1962). The original decree is entered with a view to reasonable and ordinary changes that may be likely to occur in the relations of the parties. *Mears*, 213 N.W.2d at 514. Any changes in the circumstances that are "natural occurrences and as such could be foreseen by the [c]ourt" will not justify modification. *Id.*

Furthermore, to warrant modification, "it must appear that continued enforcement of the original decree would, as a result of the changed conditions, result in positive wrong or injustice." *Vetternack*, 334 N.W.2d at 762. "The trial court has reasonable discretion in determining whether modification is warranted and that discretion will not be disturbed on appeal unless there is a failure to do equity." *In re Marriage of Kern*, 408 N.W.2d 387, 389 (Iowa App.1987) (citing *In re Marriage of Vetternack*, 334 N.W.2d at 762).

■ A. Inflation. Larry argues that the trial court erred in finding that the increase in the cost of living constituted a change in circumstances. He contends the cost of living adjustment (COLA) provision in the decree demonstrates that inflation was within the contemplation of the trial court when the original decree was entered. We agree.

■ The effect of inflation on the parties' purchasing power is a factor which may be considered in determining whether a substantial change in circumstances has occurred. *In re Marriage of Brands*, 392 N.W.2d 855, 856–57 (Iowa App.1986). Furthermore, a COLA provision "in no way infringes upon the rights of either ... parent to petition the court for modification of the decree due to a substantial and continuing change of circumstances." *See In re Marriage of Garvis*, 411 N.W.2d 703, 708 (Iowa 1987).

However, while such provisions do not infringe upon the rights of the parent to petition, they do bear on the merits of a petitioner's case. In other words, COLA provisions evidence the contemplation, by the original dissolution court, of future increases in the cost of living.

We find that increases in the cost of living were clearly contemplated, and indeed were anticipated, by the court in the original dissolution decree. This fact is evidenced by the existence of a COLA provision in the original decree. Therefore, inflation should not have been considered by the trial court to have contributed to a material and substantial change in the parties' circumstances since the entry of the original decree.

**B. Increased Needs of a Growing Child.** Larry next argues the trial court erred in finding that Stacie's increased needs, including expensive athletic shoes, rock concert tickets, and designer jeans, constitute a change in circumstances. We agree.

Children's needs naturally increase as they grow older. A teenager requires more than does a toddler. Accordingly, the child support provisions of a dissolution decree are originally set with that in mind. While the court may consider the needs of growing children, *In re Marriage of Stutsman*, 311 N.W.2d 73, 76 (Iowa 1981), such natural increases were clearly within the contemplation of the dissolution court in this case.

Nothing in the record leads us to believe that Stacie's needs have increased at such an unusually high rate or to such an unusually large degree that they were not within the contemplation of the trial court at the time of entry of the original decree. Therefore, Stacie's present needs should not have been considered by the trial court as contributing to a material and substantial change in the parties' circumstances since the entry of the original decree.

**C. Increase in Larry's Income.** Larry also argues the trial court erred in finding that the increase in Larry's income

constitutes a change in circumstances. We agree.

The trial court took judicial notice of the fact that the cost of living has increased over the six year period since entry of the original decree. Yet, the trial court made no finding as to what portion of the increase in Larry's income is attributable to inflation. We are unable to make such a finding from the record before us. Thus, we have no way to determine the degree to which Larry's real income has actually increased.

Nevertheless, we find that the nominal increase in Larry's income was within the contemplation of the trial court at the time of entry of the original decree. Larry's annual income has only increased by approximately $13,200. This increase has occurred over a period of more than six years. Furthermore, Jorja's income has increased at nearly the same rate as has Larry's.

Therefore, Larry's increased income should not have been considered by the trial court as contributing to a material and substantial change in the parties' circumstances since the entry of the original decree.

**D. Larry's Remarriage.** Larry argues that his remarriage and his current wife's income do not constitute a substantial change in circumstances. We agree.

While the remarriage of a party is a factor which may be considered by the court, we believe that Larry's current wife's income is presumably needed to support her children.

**E. Quantum Theory.** Jorja argues that while individually these three factors may not constitute a material and substantial change in circumstances, the combined effect of all three factors does. We disagree.

For such an argument to be successful, we believe its proponent must show that the simultaneous occurrence of the multiple factors was so unusual as to cast doubt on its foreseeability. *See Vetternack*, 334 N.W.2d at 762 (change in cir-

**576**

cumstances must not have been in the contemplation of the original dissolution court). Jorja has not made such a showing. We find Jorja has failed "to show that the parties' circumstances today are not as they would have been envisioned by the trial court when the dissolution was granted." *See In re Marriage of Skiles*, 419 N.W.2d 586, 589 (Iowa App.1987). We believe the original dissolution court contemplated the fact that all three factors might occur. We believe the trial court has failed to do equity and we reverse its decision to modify the dissolution decree.

II. *Trial Attorney Fees.* Finally, Larry argues the trial court erred in awarding Jorja trial attorney fees. Iowa trial courts have considerable discretion in awarding attorney fees. *In re Marriage of Giles*, 338 N.W.2d 544, 546 (Iowa App. 1983). To overturn an award the complaining party must show that the trial court abused its discretion. *Id.* Awards of attorney fees must be for fair and reasonable amounts, *In re Marriage of Willcoxson*, 250 N.W.2d 425, 427 (Iowa 1977), and based on the parties' respective abilities to pay. *In re Marriage of Lattig*, 318 N.W.2d 811, 817 (Iowa App.1982). We find no abuse of discretion and affirm the trial court's award to Jorja of trial attorney fees.

III. *Appellate Attorney Fees.* Jorja requests an award of appellate attorney fees. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern*, 408 N.W.2d 387, 390 (Iowa App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle*, 312 N.W.2d 147, 150 (Iowa App. 1981). We order that each party shall be responsible for his or her own appellate attorney fees.

The costs of this appeal are taxed to Jorja.

For all the reasons stated, the judgment of the district court is reversed in part and affirmed in part.

REVERSED IN PART AND AFFIRMED IN PART.