### In re the MARRIAGE OF Michael LeGRAND and Dawn LeGrand.

#### Upon the Petition of Michael LeGrand, Appellant,

#### And Concerning Dawn LeGrand, Appellee.

#### No. 92–334.

Court of Appeals of Iowa.

Nov. 30, 1992.

Eric Borseth of Borseth & Holmes, Pleasant Hill, for appellant.

Bradley Norton of Norton & Norton, P.C., Lowden, for appellee.

Heard by OXBERGER, C.J., and SCHLEGEL and SACKETT, JJ., but decided en banc.

SCHLEGEL, Judge.

Michael and Dawn LeGrand were married on July 23, 1983, the summer after Dawn's junior year in high school. The parties have two children: Nicole, born January 21, 1984, and Rebecca, born September 25, 1985. On February 4, 1988, the district court dissolved the parties' marriage.

Prior to the dissolution Michael was convicted of two charges of operating while intoxicated and one charge of driving while under a suspended license. In addition, Dawn made allegations that Michael abused alcohol. Notwithstanding these facts, the district court incorporated the parties' stipulation into the decree, gave primary care of the children to Michael, and granted visitation rights to Dawn.

Dawn is now twenty-six years old and remarried. She is employed at Rockwell International where she earns a net monthly income of $1,026.16. Her current husband has two children from a previous marriage, but he does not have physical custody of these children. Dawn's new husband is currently receiving unemployment compensation of $832 per month.

Michael is now thirty-one years of age and is also remarried. He and his wife, Connie, have a son. Connie also has physical custody of her daughter by a previous marriage. Michael is employed at a construction company as a "foreman and bidder." He earns approximately $1,500 per month. Michael has established an extensive criminal driving record including numerous charges for driving while license under suspension, operating while intoxicated, and a conviction for child endangerment and interference with official acts. The district court found that his alcohol abuse has worsened to the point that the children are fearful of him.

On August 12, 1991, Dawn filed an application for modification of the dissolution decree seeking a transfer of primary custody to herself. On January 29, 1992, the district court granted the application based upon Michael's "lack of concern for the emotional and moral welfare of the children" and Dawn's change into a parent who is "especially qualified to effectively minister to the needs of the children." Michael contends there has not been a substantial change in circumstances to justify the district court's ruling that the dissolution decree be modified.

To change a custodial provision of a dissolution decree, the applying party must establish by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change. The changed circumstances must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary. They must relate to the welfare of the children. A parent seeking to take custody from the

other must prove an ability to minister more effectively to the children's well being. The heavy burden upon a party seeking to modify custody stems from the principle that once custody of children has been fixed it should be disturbed only for the most cogent reasons.

*In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983) (citing *In re Marriage of Mikelson*, 299 N.W.2d 670, 671 (Iowa 1980)).

■ Having carefully considered the record in light of these guiding principles, we affirm the district court's order granting modification of the parties' dissolution decree and transferring physical custody of the two children to Dawn. Specifically, we believe Michael's serious criminal record and alcohol abuse since the original dissolution decree constitute a substantial change in circumstances.

Since the decree Michael has compiled an extensive criminal record which includes a conviction of child endangerment involving the same children who are the subject of this case. We find this child endangerment incident to be a serious matter. On August 5, 1991, Michael was arrested for operating while intoxicated with the two children in his automobile. After police officers initially stopped Michael and began questioning him, he suddenly jumped back into his vehicle in an attempt to escape from the police. A high-speed chase ensued as Michael raced madly down the street exceeding speeds of sixty-five and seventy miles per hour with his children in the automobile. Six law enforcement automobiles were needed to eventually stop Michael.

While Michael was eventually acquitted of the OWI charge, he freely admitted at the modification hearing that he had been drinking and driving on the date of this incident. In addition, he testified at his criminal hearing and at the modification hearing that he believes the police officers were at fault for the high-speed chase and he believes they stopped him initially for no good reason. This testimony is illustrative of Michael's continuing denial regarding his alcohol abuse. Placing his children in such a dangerous situation indicates the magnitude of Michael's alcohol problem.

The record reveals this incident has had a traumatic effect upon the children. The children have indicated they were "very afraid" following this incident. The traumatic nature of this experience is further illustrated by the fact the children discussed the incident with a first-grade teacher.

■ Michael claims he has not consumed alcohol since the child endangerment incident and claims he has attended some facility to address his alcohol abuse. However, he does not contend he completed this program, nor does he contend he has entered any sobriety program such as Alcoholics Anonymous for assistance with his problem. The absence of this testimony speaks loudly to the fact Michael believes he can control his drinking problem without such assistance. We are not convinced. We find no credible evidence indicating Michael has achieved sobriety on a long-term basis.

■ Michael has a history, following the original dissolution decree, of failing to abide by the law and of failing to pay court-ordered fines and restitution. Currently he faces a term of 180 days in county jail. He must spend one-half of one year fulfilling this sentence if his pending appeal on the charges is unsuccessful. In addition, Michael admits to other violations for which he has not been charged. We find Michael's conduct contemptuous, exhibiting little concern for the emotional and moral welfare of the children.

Considering all of this evidence, we conclude Michael's life, by itself, has undergone a substantial change in circumstances necessitating a change in physical custody. At the same time Dawn's life has improved measurably. Since the entry of the original decree she has become especially qualified to effectively minister to the best interests of the children. Dawn is now happily married to a nonabusive husband. She and her new husband will provide a more stable environment for the children.

We refuse to leave these children with an alcoholic father who denies abusing alcohol

and refuses to address the problem effectively. We do not deem such a parent to be an appropriate custodian. Accordingly, we affirm the district court's modification of the parties' dissolution decree and award physical custody of the children to Dawn.

AFFIRMED.